J-S12003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
ANDRE MICHAEL JONES   :
  :
Appellant   :   No. 2170 EDA 2024

Appeal from the PCRA Order Entered July 23, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0006645-2012

BEFORE: STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:          **FILED JUNE 23, 2025**

Appellant, Andre Michael Jones, appeals from the order of the Court of Common Pleas of Montgomery County dismissing as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the factual and procedural history:

On March 12, 2014, Appellant entered an open guilty plea to one count of rape of a child and one count of involuntary deviate sexual intercourse of a child. Appellant was sentenced on August 15, 2014 to an aggregate term of 20 to 40 years' imprisonment followed by a ten-year probationary term.

Appellant appealed, and on June 23, 2015, [this Court] affirmed. Appellant did not seek further review.

On June 26, 2016, Appellant filed a *pro se* first PCRA petition. PCRA counsel was appointed, and subsequently drafted a

[**Turner**/**Finley**[1]] no-merit letter. After a Rule 907 Notice was issued, and Appellant filed a response, a final order of dismissal was issued. Appellant appealed, and on December 12, 2017, [this Court] affirmed the dismissal. Review with the Pennsylvania Supreme Court was not sought.

On November 24, 2023, Appellant filed a *pro se* petition for writ of habeas corpus. Therein, Appellant alleged that the guilty plea he entered on March 12, 2014, was an unknowing guilty plea. Additionally[,] he asserted that trial counsel was ineffective in failing to object at the preliminary hearing, which relied only on hearsay evidence.

On June 8, 2024, [the trial court] issued a Rule 907 Notice, notifying Appellant that his petition for writ of habeas corpus and the claims alleged therein were reviewed under the purview of the PCRA because his claims were exclusive to the PCRA. He was also notified that under the PCRA, it was an untimely second PCRA petition to which no exceptions applied, that [the trial court] intended to dismiss his petition[], and that he could respond to the pre-dismissal notice.

Appellant filed a response on July 23, 2024. In his response, he set forth objections to the Rule 907 notice and also requested leave to amend his PCRA petition. As to his objections, he alleged that the pre-dismissal notice did not state the reasons for the intended dismissal; the order did not explain how his substantive claims were exclusive to the PCRA; the order lacked an analysis as to timeliness and/or the applicability of timeliness exceptions; and the order lacked a description of deficiencies that could be remedied by leave to amend.

Additionally, the filing also requested leave to amend so as to set forth a timeliness exception. He proposed to allege in an amended petition a governmental interference timeliness exception and a newly-discovered [fact] exception. [The trial court] determined that the proposed amendment could no[t] cure the deficiencies, and the request to amend was denied.

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

PCRA Court Opinion, 10/16/24, at 2-3. On July 23, 2024, the PCRA court denied Appellant's request to amend and dismissed his PCRA petition as untimely. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review, renumbered for ease of disposition:

1. Did the PCRA court commit error in denying [Appellant's] PCRA as untimely?

2. Did the PCRA court commit error or an abuse of discretion in denying [Appellant's] objections to the [Rule] 907 notice?

3. Did the PCRA court commit error or an abuse of discretion in denying [Appellant's] motion for leave to amend his PCRA petition?

4. Did the PCRA court commit error or an abuse of discretion in denying petition **Brady**[2] violation (government interference) timeliness exception?

5. Did the PCRA court commit error or an abuse of discretion in denying [Appellant's] motion for appointment of counsel?

6. Should the presumption of effectiveness of defense counsel be removed as violating [Appellant's] 6th and 14th amendment rights?

7. Is the PCRA unconstitutional 'as applied' to [Appellant]?

Appellant's Brief, at 1-2.

Appellant's first four issues concern the denial of his PCRA petition; therefore, we will address them together. We review an order denying a

_____

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

- 3 -

petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***See e.g., Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

Appellant contends that the trial court erred in denying his PCRA petition as untimely because he failed to assert any timeliness exceptions and further erred in denying his motion to amend wherein he asserted two timeliness exceptions. All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies.[3]  42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claim." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on

---

[3] For an exception to apply, a petitioner must (1) plead and prove one of the exceptions set forth in Section 9545(b)(1)(i)-(iii); and (2) file a petition raising the exception within one year from the date on which the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).

other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). Timeliness is separate and distinct from the merits of the underlying claim; therefore, we must determine whether Appellant's petition was timely before we are permitted to address the substantive claims. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

The instant petition is untimely on its face. Appellant's judgment of sentence was affirmed by this Court on June 23, 2015. The judgment of sentence became final on July 23, 2015, upon expiration of the thirty-day period to seek review with the Supreme Court of Pennsylvania. Consequently, Appellant had one year – until July 23, 2016 – to file a timely PCRA petition. The instant writ of habeas corpus, properly treated as a PCRA petition, was filed on November 24, 2023, seven years after the judgment of sentence became final.

Admittedly, Appellant did not plead any timeliness exceptions in his initial pleading because it was styled as a writ of habeas corpus. As a result, the PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's petition. The notice informed Appellant that his writ of habeas corpus would be treated as a PCRA petition, that the petition was untimely, and no timeliness exceptions applied.

In response to the Rule 907 notice, Appellant raised several objections to the form of the notice. He argued that the notice (1) did not sufficiently specify the reasons for the PCRA court's intent to dismiss the petition; (2) lacked any analysis regarding the timeliness of the petition; and (3) failed to

put Appellant on notice of the defects of his petition. *See* Objections to 907 Notice, 7/23/24, at 2 (our pagination). On appeal, he contends that the trial court abused its discretion in denying his objections to the notice. *See* Appellant's Brief, at 19-22. We find no reversible error.

Pennsylvania Rule of Criminal Procedure 907 permits a PCRA court to dispose of a PCRA petition without a hearing, and states that, except in death penalty cases,

> the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge **shall give notice to the parties of the intention to dismiss** the petition and **shall state in the notice the reasons for the dismissal**. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphases added).

Here, in its Rule 907 notice, the PCRA court noted that the claims raised in Appellant's writ of habeas corpus were cognizable under the PCRA; therefore, the petition would be reviewed under the purview of the PCRA. *See* Order, 7/8/24. The notice stated that the PCRA court intended to dismiss Appellant's PCRA petition as "time barred and no timeliness exceptions apply." *Id.* It is clear, based on Appellant's response, that he understood what the deficiencies of his petition were, *i.e.*, that it was untimely, and no exception

applied, because he requested leave to amend his petition to include two exceptions. Therefore, we conclude Appellant was provided with sufficient notice under Rule 907 as to the PCRA court's reasons for the intended, and ultimate, dismissal of Appellant's PCRA petition.

Appellant's response to the Rule 907 notice also sought leave to amend his petition to include two timeliness exceptions – governmental interference[4] and newly discovered fact[5]. Regarding the governmental interference exception, Appellant claimed that the Commonwealth has continuously failed to produce a copy of his preliminary hearing transcript; therefore, he is unable to properly present his PCRA claims. *See* Objections to 907 Notice, 7/23/24, at ¶ 10(A). He claims that the court "maintains ongoing never-ending jurisdiction until the actual disclosure of the preliminary hearing transcript occurs." *Id.*

As for the newly discovered fact exception, Appellant claims that "the facts upon which the claim is predicated cannot be known until [the preliminary hearing transcript] is reviewed." *Id.* at ¶ 10(B). Appellant again claims that the Commonwealth's failure to produce the transcript creates "never-ending jurisdiction[.]" *Id.*

---

[4] "[T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i).

[5] "[T]he facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

"PCRA courts are invested with discretion to permit the amendment of a pending, **timely-filed** post-conviction petition, which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice." ***Commonwealth v. Crispell***, 193 A.3d 919, 930 (Pa. 2018) (citation and quotation marks omitted; emphasis added). "Rule 905(A) was created to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." ***Commonwealth v. Sepulveda***, 144 A.3d 1270, 1278-79 (Pa. 2016) (citation omitted). However, "a court's decision to deny an untimely petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception." ***Commonwealth v. Hromek***, 232 A.3d 881, 885 (Pa. Super. 2020) (citation omitted). Accordingly, we review a trial court's decision to grant or deny a request to amend a PCRA petition for an abuse of discretion. ***See Crispell***, 193 A.3d at 930.

After reviewing Appellant's response and proposed amended petition, the PCRA court determined that Appellant failed to establish either exception to the timeliness requirement. The PCRA court noted that the "proposed amendment did not provide any allegations in support of due diligence" and "could not possibly support a timeliness exception[.]" PCRA Court Opinion, 10/16/24, at 12. Therefore, it denied Appellant's request to amend.

Appellant asserts that, in denying his request to amend, the PCRA court improperly imposed a due diligence requirement on the government interference timeliness exception. *See* Appellant's Brief, at 29. We disagree. Our Supreme Court has explained that the government interference exception requires a petition to "plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information **could not have been obtained earlier with the exercise of due diligence**." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (emphasis added).[6]

Here, Appellant's arguments regarding the timeliness exceptions are interrelated – (1) the government interfered with Appellant's ability to present any PCRA claims because it failed to produce the preliminary hearing transcript and (2) because the Commonwealth failed to produce the transcript, Appellant is unable to determine whether there are any new facts for which a PCRA claim could be based. In other filings, Appellant claimed that the preliminary hearing transcript will prove he is innocent of the crimes for which he pleaded guilty. *See* Motion to Obtain Preliminary Hearing Transcript, 3/9/23, at 3 (our

---

[6] While there is some debate about the validity of the imposition of due diligence on the government interference exception, *see Commonwealth v. Towles*, 300 A.3d 400, 418-430 (Pa. 2023) (Donohue, J. and Wecht, J., concurring), we are bound to follow the law in effect at the time of this decision. *See Commonwealth v. Martin*, 205 A.3d 1247, 1252 (Pa. Super. 2019) ("this Court is bound by existing precedent under the doctrine of stare decisis and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court."). At the time of this writing, our case law imposes a due diligence requirement on the governmental interference exception.

pagination). However, Appellant failed to explain how or why, despite exercising due diligence, he was unable to procure the transcript. Moreover, he fails to explain how the transcript will prove his innocence even though he pleaded guilty to two counts in exchange for the Commonwealth to *nolle prosse* the remaining 80 counts.

We further note that there is no requirement for a preliminary hearing to be transcribed. Preliminary hearings are held before an issuing authority. **See** Pa.R.Crim.P. 542(D). An 'issuing authority' is defined as "any public official having the power and authority of . . . a magisterial district judge." Pa.R.Crim.P. 103 (definitions). An issuing authority is distinguished from a 'court' which is defined as "a court of record." **Id.** "From the preceding definitions it is clear that magistrates and magisterial district judges do not fall within the definition of a court of record." **Jackson v. Pennsylvania Bd. of Probation and Parole**, 951 A.2d 1238, 1241 (Pa. Cmwlth. 2008). Because preliminary hearings are held before a magisterial district judge, there is no requirement that the proceeding be recorded. **See** Pa.R.Crim.P. 115 ("after a defendant has been held for court, proceedings in open court shall be recorded."). However, Pennsylvania Rule of Criminal Procedure 542 provides that a defendant **may** "make a stenographic, mechanical, or electronic record of the proceedings." Pa.R.Crim.P. 542(c)(5).

The Commonwealth was not required to have the preliminary hearing transcribed and cannot be found at fault for failing to produce a transcript that

does not exist.[7] If Appellant wanted the preliminary hearing transcribed, it was his responsibility to do so under Rule 542. Accordingly, Appellant has failed to plead and prove the governmental interference exception.

As for the newly discovered fact exception, Appellant has failed to plead any fact to support the exception. Rather, he claims that there *might* be a new fact in the non-existent preliminary hearing transcript. To the extent that Appellant claims the preliminary hearing transcript would reveal a "new fact" to prove that his plea was not voluntary, knowing or intelligent, that argument is belied by the record.

On the day of jury selection, the Commonwealth offered Appellant to plead open to two counts and in exchange, the Commonwealth would not seek the mandatory minimum sentence and would *nolle prosse* the remaining 80 counts. N.T. Guilty Plea, 3/12/14, at 6-7. Appellant accepted and entered guilty pleas to one count of rape of a child under 13 years old and aggravated indecent assault of a child, both felonies of the first degree. *Id.* at 16. Since this was an open plea, there was no agreement for the length of the sentence. *Id.* at 13 (noting that the sentence would be at the court's discretion). Appellant challenged the legality of his plea in his first PCRA petition, and claimed that counsel was ineffective for failing to withdraw his plea. The PCRA

_____

[7] In a letter dated May 31, 2018, the Montgomery County court reporter's office advised Appellant that it did not report or transcribe his preliminary hearing. *See* Pro Se Correspondence, 3/9/23, Exhibit A. Additionally, Appellant was informed on November 18, 2019, that the Montgomery County District Attorney's Office was not in possession of his preliminary hearing transcript. *See id.*, Exhibit B.

court denied relief and we affirmed that decision. *See Commonwealth v. Jones*, 2017 WL 6331158 (unpublished memorandum) (Pa. Super filed Dec. 12, 2017). Thus, any challenge to the legality of the plea is waived as it has been previously litigated. 42 Pa.C.S.A. § 9544(a)(3). Moreover, Appellant failed to develop this issue in his appellate brief; therefore, we conclude this issue is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

Accordingly, the PCRA court did not abuse its discretion when it denied Appellant's request to amend his PCRA petition where his purported amendment failed to establish an exception to the timeliness requirement. Likewise, the PCRA court did not err when it dismissed Appellant's PCRA petition as untimely.[8]

Order affirmed.

_____

[8] Appellant's last three issues are waived for failure to develop the issues in his brief. *See Johnson*, 985 A.2d at 924. "[A]n issue identified on appeal but not developed in the appellant's brief is abandoned, and therefore, waived." *Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021). Here, Appellant raised claims regarding the appointment of counsel and the constitutionality of the PCRA in his statement of questions involved. However, he failed to include any discussion or argument on the issues in brief. Therefore, Appellant has abandoned his remaining issues.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/23/2025</u>